

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 9, 1947

Hon. M. W. Briggs
County Auditor
Hill County
Hillsboro, Texas

Opinion No. V-404

Re: Authority of the Commis-
sioners' Court to own and
operate an automobile at
county expense.

Dear Sir:

Reference is made to your recent letter in
which you requested an opinion of this Department which
reads, in part, as follows:

"1. Can I approve a bill for payment
which the Commissioners Court of Hill County
has ordered paid, which is for the purchase
of a new automobile for one of the Commission-
ers?

"2. Is it legal for County Commission-
ers of Hill County, Texas, to operate and own
an automobile or a pick-up truck at county
expense?

"The only law which I have been able to
find which pertains to this matter is Article
2372f, which is found in volume 7, page 861,
of Vernon's Annotated Texas Statutes. In this
connection the last census, which was in 1940,
shows Hill County to have a population of 38,-
352 persons. This, of course, clearly takes
Hill County out of the purview of Article
2372f.

"For your information, the Court of Crimi-
nal Appeals of Texas in Ervin vs. State, re-
ported in 44 Southwestern Reporter, Second
Series, at page 380, states that the population
bracket law ceases to apply to any particular
county when the county drops out of the popula-
tion bracket concerned at any federal census.
Other Texas cases are quoted in this opinion to
the same effect. The question of population

bracket law ceases to apply to a county
when the federal census shows they have
left that particular population bracket
is further covered by Attorney General
Opinion O-2337, dated May 18, 1940."

We concur in your view that Article 2372f,
V.C.S., no longer applies to Hill County because under
the 1940 Federal Census Hill County does not come with-
in the population bracket. We further concur that this
question is covered by Attorney General's Opinion No.
0-2337. Therefore, your first question is answered in
the negative.

At the Regular Session of the 36th Legisla-
ture there was enacted H. B. No. 500, (Acts 1919, 36th
Leg., p. 105, ch. 33) being a special road law provid-
ing for a more efficient road system of Hill County.
Said Act provided for the issuance of road bonds and
for the general improvement of the road system of said
county. Thereafter at the 2nd Called Session of the
same Legislature the above Act was amended by adding
thereto Section 8a, which reads as follows:

"That the members of said Commissioners'
Court including the County Judge using automo-
biles in the performance of their duties set
out in Sec. 8 of said House Bill No. 500, are
hereby allowed to use their own private auto-
mobiles, and all expenses incurred by them
in such use of their private automobiles name-
ly, gasoline, cylinder and lubricating oil,
inner tubes, casing, mechanical upkeep and
vulcanizing, shall be allowed by said Commis-
sioners' Court as a claim against the County,
on being presented as a formal itemized ac-
count in favor of the member of the commis-
sioners court presenting such account verified
in accordance with Article 3712, Revised Stat-
utes of 1911, and upon such claim being filed
and approved, same shall be ordered paid by
the Commissioners' Court out of the Road and
Bridge Fund and on such order being entered,
the County Clerk shall draw a warrant on such
fund payable to the member of the commissioners
court in whose favor such claim has been ap-
proved and ordered paid, and which warrant on
being presented to the County Treasurer, shall
be by such Treasurer paid."

This Act was again amended by the 46th Legislature, Regular Session, p. 872, ch. 10, by adding thereto Sections 30a and 30b, in nowise affecting Section 8a, supra; but was for the sole purpose of authorizing the Commissioners' Court of Hill County to issue Road and Bridge Refunding bonds of said County for the purpose of refunding any and all outstanding scrip warrants chargeable against its Road and Bridge Fund as of February 15, 1939.  Other than this, the Act remains unchanged.

The original Act as well as the amendment of 1919 (Sec. 8a) was declared valid in the case of Crow vs. Tinner, 47 S. W. (2d) 391, affirmed 124 Tex. 368, 78 S.W. (2d) 588.  The Court of Civil Appeals through Chief Justice Alexander who wrote the opinion, in passing upon the constitutionality of the Act, had this to say:

"Whether or not the enactment of such a law was wise or unwise was for the Legislature to determine.  As stated before, the Legislature had provided for the voting of bonds for the building of a new road system in Hill county.  If, at the time the act in question was enacted, said county had entered upon a program for the building of such roads on a large scale, the supervision of such work entailed extra labor and expense on the commissioners, and furnished sufficient justification to the Legislature to enact a special law to meet the peculiar conditions brought about thereby, as was suggested in Dallas County v. Plowman, 99 Tex. 509, 91 S.W. 221, 222. Whether the conditions which induced the Legislature to pass the act in question have now been removed, it is not for the courts to say.  If the appellee feels that there was never any need for such a law, or that the conditions which induced the Legislature to enact same no longer exist, his remedy is with the Legislature and not with the courts.  In our opinion, the act in question had for its sole purpose the better maintenance of the roads in Hill county, and was therefore authorized by the Constitution."

Therefore, in view of the foregoing, you are respectfully advised that it is the opinion of this Department that it is legal for the County Commissioners of Hill County, Texas, to operate their own automobiles or pickups at county expense when on official county business of maintaining or building roads, under Section 8 of the original Act of 1919.

## SUMMARY

1.  The county auditor is not authorized to approve a bill for the purchase of a new automobile for one of the County Commissioners of Hill County since Article 2372f, V.C.S., is no longer applicable to Hill County.

2.  It is legal for the County Commissioners of Hill County to operate their own automobiles or pickups at county expense when on official county business of maintaining or building roads under Special Road Law of Hill County, Acts 1919, 36th Leg., p. 105, ch. 33, as amended, on which constitutionality was upheld in Crow v. Tinner, 47 S. W. (2d) 391.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

BA:djm

APPROVED:

*Price Daniel*

ATTORNEY GENERAL